UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE D. PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA REAGLE, *et al.*,<br><br>Defendants. | Cause No. 3:24-CV-505-PPS-AZ |

## OPINION AND ORDER

Andre D. Payne, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. [DE 1.] Under 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Payne is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Payne is incarcerated at Indiana State Prison and suffers from asthma. He alleges that beginning in September 2023, he could see birds coming into his cellblock, D-Cellhouse range 500, through several broken windows. By November 2023, the birds

had allegedly nested on top of the exhaust system. He claims there was a build-up of bird feces that caused him to develop a cough, chest tightness, and other symptoms. He notified multiple prison employees about the bird feces and the problems it was causing him: Case Manager S. McCormick, Case Manager M. Thate, Warden Ron Neal, Deputy Warden of Operations J. Nowatzke, Safety Hazard Manager D. Taylor, Sanitation Supervisor Frazier (first name unknown), Major D. Wardlow, and Lieutenant D. Koen. He claims they brushed off his concerns and told him he would have to "live with it" for a while because the prison was in the process of training workers and obtaining a lift so that they could access the area.

In January 2024, he was diagnosed with a lung infection and prescribed an antibiotic and prednisone. He claims a member of the medical staff gave him a pass indicating that he should not be housed on the 400 or 500 range because of his asthma. As of the filing of the complaint in June 2024, he was being housed on the 500 range and could still see birds nesting on the exhaust system.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the deprivation is serious enough that it amounts to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate shelter and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must allege the defendant acted with deliberate

indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Here, giving Mr. Payne the favorable inferences to which he is entitled at this stage, he has stated a plausible claim that he has been denied the minimal civilized measure of life's necessities due to the unsanitary condition caused by the birds. He further claims that Case Manager McCormick, Case Manager Thate, Lieutenant Koen, Warden Neal, Deputy Warden Nowatzke, Safety Hazard Manager Taylor, Sanitation Supervisor Frazier, and Major Wardlow were all aware of the bird problem but brushed off his concerns, allowing the condition to fester for months and causing him to develop a lung infection. He has alleged enough to proceed on a claim for damages against these defendants. Because he also claims to have an ongoing problem with the birds, he may also proceed against the Warden in his official capacity for injunctive relief related to his constitutional right to be housed under sanitary conditions of confinement. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

He also names Commissioner Christina Reagle as a defendant, alleging generally that she is responsible for failing to take action to address the birds. There is no respondeat superior liability under 42 U.S.C. § 1983, however, and the Commissioner cannot be held liable for damages solely because of her position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is insufficient factual content in the complaint from which I could plausibly infer that Commissioner Reagle, who oversees operations at multiple prisons throughout the state, was personally aware of the conditions outside Mr. Payne's cell and deliberately

3

turned a blind eye to the risk of harm posed to his health. She will be dismissed as a defendant.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Case Manager S. McCormick, Case Manager M. Thate, Warden Ron Neal, Deputy Warden of Operations J. Nowatzke, Safety Hazard Manager D. Taylor, Sanitation Supervisor Frazier (first name unknown), Major D. Wardlow, and Lieutenant D. Koen for deliberate indifference to the build-up of bird feces in his cellblock from November 2023 to the present in violation of the Eighth Amendment;

(2) **GRANTS** the plaintiff leave to proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief related to his ongoing need to be housed under sanitary conditions of confinement;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Christina Reagle as a defendant;

(5) **DIRECTS** the Clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Case Manager S. McCormick, Case Manager M. Thate, Warden Ron Neal, Deputy Warden of Operations J. Nowatzke, Safety Hazard Manager D. Taylor, Sanitation Supervisor Frazier (first name unknown), Major D. Wardlow, and Lieutenant D. Koen at the Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) **ORDERS** the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) **ORDERS** Case Manager S. McCormick, Case Manager M. Thate, Warden Ron Neal, Deputy Warden of Operations J. Nowatzke, Safety Hazard Manager D. Taylor, Sanitation Supervisor Frazier (first name unknown), Major D. Wardlow, and Lieutenant D. Koen to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on July 2, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT